IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHUC HUU NGUYEN, :
    Petitioner
:
vs.     CIVIL NO. 1:CV-09-2211
:
UNITED STATES CITIZENSHIP & :
IMMIGRATION SERVICES and
DEPARTMENT OF HOMELAND :
SECURITY,
    Respondents :

*M E M O R A N D U M*

I.    *Introduction*

    The pro se petitioner, Phuc Huu Nguyen, filed this action as a petition for a writ of habeas corpus and as a complaint for declaratory relief authorized by 8 U.S.C. § 1503(a). Petitioner has also filed a motion for a writ of mandamus.

    Petitioner, a permanent resident alien, is a citizen of Vietnam who came to the United States in 1975 when he was about one year old. He is under a final order of removal to his native country for having committed aggravated felonies, and he has filed all three forms of relief seeking to establish that he is a citizen of the United States. In his traverse, he asserts that he is at least a national of the United States.

    The magistrate judge has filed a report stating that Petitioner is not a citizen or a national, and that he has no claim to being a citizen. He therefore recommends that Petitioner's claims for relief should either be dismissed or denied.

    We are considering objections to the report made by both Petitioner and Respondents. Petitioner objects that the government should be estopped from denying he is a citizen because of its affirmative misconduct in not ruling on his father's 1984

application for Petitioner's derivative citizenship.  The Respondents object to the magistrate judge's assertion of subject-matter jurisdiction over the declaratory judgment action, but otherwise agrees with the magistrate judge's analysis on the merits.

After review of the file, the court concludes as follows.  First, we lack jurisdiction under 8 U.S.C. § 1503(a) over the declaratory judgment action because of an exception in section 1503(a)(1) barring jurisdiction of such actions when the issue of citizenship arose "by reason of" removal proceedings.  Second, we lack jurisdiction under section 2241 because while Petitioner carefully avoids a specific request that we vacate his removal order, he is essentially seeking such relief, and we lack jurisdiction to entertain section 2241 petitions that challenge removal orders.  Third, because Petitioner's claim to citizenship lacks merit in any event, we will deny the claim for mandamus relief.  Finally, Petitioner is not a national of the United States.

The magistrate judge's report sets forth the factual background of this case. We repeat such facts as are necessary to our discussion.

II.  *Discussion*

    A.  *The Court Lacks Jurisdiction Under 8 U.S.C. § 1503(a)*
        *Over Petitioner's Citizenship Claim Because the Claim Arose*
        *by Reason of His Removal Proceedings*

Invoking our jurisdiction under 8 U.S.C. § 1503(a), Plaintiff seeks a declaratory judgment that he is a citizen of the United States derivatively from his father, who was naturalized in 1984.  Section 1503(a) confers jurisdiction on the federal district courts to entertain declaratory judgment actions that a person is a national (or citizen) of the United States.  There are two exceptions to jurisdiction, one in subsection 1503(a)(1) and the other in subsection 1503(a)(2). We deal here with subsection 1503(a)(1).  In pertinent part, section 1503(a) provides as follows:

2

> **(a) Proceedings for declaration of United States nationality**
>
> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. . . .

8 U.S.C. § 1503(a).

In the instant case, on February 2, 1999, after a hearing, an immigration judge (IJ) ordered Petitioner removed from the United States after finding that he had committed aggravated felonies. In the notice initiating the proceedings, Petitioner had been advised, among other things, of the assertion that he was a citizen of Vietnam and that he could contest at the hearing any of the material allegations against him. At the hearing, Petitioner admitted to the material allegations, including that he was a citizen of Vietnam. (Doc. 15-2, CM/ECF pp. 46-50).[1] Petitioner did not appeal the order to the Board of Immigration Appeals. Petitioner is currently serving a 197-month federal sentence on a November 2000 conviction for conspiracy to manufacture and to distribute methamphetamine.

On August 25, 2008, Petitioner filed a Form N-600, Application for Certificate of Citizenship with the United States Citizenship and Immigration Service, (USCIS), Philadelphia District Office. (Doc. 15, Ex. M). In his application, Petitioner

---

[1] The page numbers refer to the page numbers assigned by the Case Management/Electronic Case Files (CM/ECF) system.

claimed citizenship from his citizen father, based on his father's 1984 successful naturalization application when Petitioner was a minor. Petitioner asserted that only one parent had to be a citizen at the time for Petitioner to derive citizenship from the parent. (Doc. 15, Ex. M)(emphasis in original). The USCIS denied Petitioner's application because at the time of the father's application both parents had to be citizens. This decision was ultimately affirmed on March 10, 2010, by the Administrative Appeal Office.

In the meantime, on November 10, 2009, Petitioner initiated the instant proceedings.[2] In his petition, Petitioner alleges that he wants to establish his citizenship so that he can participate in prerelease programs "and go home to his family earlier, but more importantly, go home to his family because of the threat of deportation inherent in the detainer" immigration authorities have placed against him. (Doc. 1, CM/ECF p. 5).

The foregoing establishes that we lack jurisdiction over this action as one for a declaratory judgment. Petitioner is seeking a declaration of citizenship to avoid being removed. The issue of Petitioner's status as a citizen thus traces back to the removal proceedings against him. It "arose by reason of . . . [the] removal proceeding." Hence, we lack jurisdiction.

> The magistrate judge believes we have jurisdiction because:
>
> the issue of the petitioner's nationality was never raised in or fully litigated during his removal proceedings. In fact, during his removal proceedings, the record provides that the petitioner admitted that he was not a United States citizen, but a citizen of Vietnam. It was not until almost nine years after the IJ ordered the petitioner removed that the petitioner filed his Form N-600 application for citizenship and later exhausted his administrative remedies with respect thereto. Since the issue of the petitioner's nationality was never raised in or litigated in the context of the petitioner's removal proceedings, and those proceedings have long been concluded, the court

---

[2] Whether or not Petitioner had exhausted administrative remedies before filing this action is immaterial to the jurisdictional issue we address.

4

> finds that the petitioner's current action is not jurisdictionally
> barred by the provisions of § 1503(a).

(Doc. 20, CM/ECF pp. 13-14). The magistrate judge finds support for this position in *Rios-Valenzuela v. Dep't of Homeland Security*, 506 F.3d 393 (5th Cir. 2007), and *Ortega v. Holder*, 592 F.3d 738 (7th Cir. 2010). We respectfully disagree.

In our view, those cases are distinguishable. Unlike here, they dealt with individuals who had contested deportation on the basis that they were citizens, and in both cases the removal proceedings were terminated in their favor. In *Rios-Valenzuela*, the immigration judge terminated the removal proceedings without prejudice, apparently as a result of the citizenship defense. 506 F.3d at 396. In *Ortega*, the immigration judge terminated the removal proceedings with prejudice, accepting the claim of citizenship. 592 F.3d at 740. Both individuals were denied a certificate of citizenship by immigration officials, and when they sought judicial review of the agency action under section 1503(a) they were confronted by the potential jurisdictional bar for claims arising by reason of, or in connection with, removal proceedings.

In *Rios-Valenzuela*, the Fifth Circuit held that there was no jurisdiction but left open the possibility that the individual could still obtain a judicial declaration of citizenship. In doing so, it did use language seemingly supportive of the magistrate judge's position here. It stated: "So long as a citizenship claim finds its genesis outside of the context of removal proceedings, the exception is no bar to jurisdiction; thus, for example, once removal proceedings have run their full course and terminated, any future citizenship claim would not arise in those removal proceedings." 506 F.3d at 399 (footnotes omitted). However, it hastened to add: "Of course, if the person claiming to be a citizen *loses* in the removal proceedings, the appropriate means for judicial review of

his citizenship claim is § 1252(b)," *id.* n.11 (emphasis added), that is, a petition for review of the removal order under 8 U.S.C. § 1252(b) in the court of appeals.[3]

In *Ortega*, the Seventh Circuit opined that the purpose of section 1503(a)(1) was to prevent a party from "frustrat[ing] Congress's effort to channel all appeals from removal proceedings - including those in which the alien raised claims of nationality - through 8 U.S.C. § 1252." 592 F.3d at 745-44. It also opined that "§ 1503(a) was directed only at those individuals whose claims of nationality were being or had been litigated fully in removal proceedings," because appeals from removal orders were channeled to the court of appeals, and the court of appeals could transfer a nationality claim to a district court if fact finding was necessary to resolve that claim. *Id.* at 744. The court concluded: "Thus, an individual whose claim of nationality *is rejected* in the context of removal proceedings, and whose claim also involves a genuine and material factual dispute, is provided the same mechanism for redress set forth in 8 U.S.C. § 1503(a)-a declaratory judgment action." *Id.* (emphasis added).

> Significantly, the court added:
>
> However, this statutory scheme, while satisfying Congress's primary focus of protecting removal proceedings, did not anticipate the possibility that an individual in removal proceedings, whose claim of citizenship was *accepted* by the IJ, would not be able to obtain complete relief through the removal route. If an IJ were to credit an individual's defense of citizenship and, therefore, were to lift the threat of removal, the individual would not obtain a final order of removal-a prerequisite for pursuing review under 8 U.S.C. § 1252 and, consequently, for obtaining a judicial declaration of that citizenship.

*Id.* (emphasis in original). Because the court believed that Congress did not intend to leave someone who had defeated the government's attempt at removal by a successful

---

[3] The court also saw other ways by which judicial review of a citizenship claim could be available. *Id.* at 401-02.

claim of citizenship without a judicial remedy, the court ruled that a motion filed with the agency to reopen or to reconsider the citizenship application would open the way to judicial review of any adverse decision by way of section 1503(a). Such a motion would "in essence, . . . separate[ ] her administrative action from her prior removal proceedings" already terminated, and remove the jurisdictional bar. *Id.* at 746. Since the immigrant had already filed that motion, the court ruled that the district court had jurisdiction over the declaratory judgment action.

These cases do not support an assertion of jurisdiction here. They both dealt with individuals who had made successful claims of citizenship in removal proceedings but because of that success had no apparent avenue of judicial review for their citizenship claims under the statutory scheme. Here, in contrast, the citizenship issue was decided adversely to Petitioner in his removal proceedings, leading to a final order of removal that was subject to judicial review in the court of appeals under 8 U.S.C. § 1252(b). Moreover, in both *Rios-Valenzuela* and *Ortega*, the courts recognized that an individual whose claim of citizenship was rejected in removal proceedings had to pursue that claim in the court of appeals. In this regard, it is not relevant that Petitioner did not contest his alien status in his removal proceedings. The issue of his citizenship or nationality was "fully litigated" in the sense the Seventh Circuit meant it in *Ortega*; it led to a final order of removal.

Because the issue of Petitioner's status as a citizen of the United States "arose by reason of" his removal proceedings, we lack jurisdiction over his declaratory judgment claim. It is immaterial in the context of this case that Petitioner sought a certificate of citizenship after his removal proceedings ended. Otherwise, we would be defeating the purpose of section 1503(a)(1) "to protect removal proceedings from judicial interference and preserve 8 U.S.C. § 1252 as the exclusive means of challenging a final

order of removal." *Ortega*, 592 F.3d at 743. *See Madar v. United States Citizenship & Immigration Serv.*, No. 07-1254, 2008 WL 5111920 at *2 (W.D. Pa. Dec. 2, 2008)(dismissing declaratory judgment action for citizenship, even after removal proceedings were over, because it was filed in connection with those proceedings). *But see Henry v. Quarantillo*, 684 F. Supp. 2d 298, 305 (E.D.N.Y. 2010)(relying on *Rios-Valenzuela* in deciding the court had jurisdiction because the plaintiff had filed a second N-600 application for a certificate of citizenship after reinstated removal proceedings had terminated).

> B. *The Court Lacks Jurisdiction Under 28 U.S.C. § 2241 Because Petitioner Is Essentially Challenging the Order of Removal*

We lack jurisdiction under 28 U.S.C. § 2241 for a petition seeking review of an order of removal, *Jordon v. Attorney General*, 424 F.3d 320, 326 (3d Cir. 2005), but it appears we have jurisdiction over nationality claims. *Id.* (noting that the court did not have to resolve whether the district courts still have habeas jurisdiction over nationality claims). Petitioner does not specifically seek relief against the removal order, but we believe he essentially is challenging the order of removal because he has stated that he wants to establish his citizenship, in part, so that he can "go home to his family because of the threat of deportation." We therefore conclude we lack jurisdiction under section 2241.

> C. *The Mandamus Claim Lacks Merit*

In his mandamus claim, Petitioner requests that we order USCIS to act on the N-400 form his father filed in 1984 requesting naturalization for himself and his

8

children.[4]  Petitioner asserts the application should be acted upon nunc pro tunc because at the time his parents were repeatedly assured Petitioner would be naturalized based on the application.  Petitioner also relies on estoppel, that the government should now be estopped from denying he is a citizen, again based on government misrepresentations and inaction at the time.

Petitioner does not qualify for mandamus relief.  To obtain that relief Petitioner must show: (1) that he has "no other adequate means to attain the desired relief"; and (2) that his "right to the writ is clear and indisputable."  *In re Nwanze*, 242 F.3d 521, 524 (3d Cir. 2001).  Petitioner cannot satisfy the second element.  First, as the magistrate judge correctly noted, Petitioner was not entitled to derivative citizenship based solely on his father's citizenship.[5]  Second, Petitioner's estoppel argument fails for two reasons.  To begin with, estoppel, in part, requires Petitioner to show his father and mother reasonably relied on the government's representations.  *Abreu-Mejia v. Attorney General*, 2010 WL 3096175, at *2 (3d Cir 2010)(per curiam) (nonprecedential).  They could not have reasonably relied on representations when over the years Petitioner's certificate of citizenship was never issued.  Moreover, "where an alien does not meet the statutory requirements for citizenship, a court does not have authority to confer citizenship through equitable means."  *Id.* (citing *I.N.S. v. Pangilinan,* 486 U.S. 875, 885, 108 S.Ct. 2210, 2217, 100 L.Ed.2d 882 (1988)).[6]

---

[4]  Petitioner's father was naturalized at that time, but his children were not.  Petitioner represents that his two siblings were later naturalized.

[5]  Hence Petitioner's reliance on *Harriott v. Ashcroft*, 277 F. Supp. 2d 538, 543 (E.D. Pa. 2003), is misplaced as there the petitioner was clearly entitled to derivative citizenship if the government had acted in a timely fashion in conformity with its own regulations.

[6]  We also note that we agree with the magistrate judge that Petitioner is not entitled to nunc pro tunc consideration of a Form N-402 application for naturalization because of the doctrine of laches.  *See Hatkewicz v. Attorney General*, 350 F. App'x 667, 671 (3d Cir. 2009)(nonprecedential).  (A Form N-402 is the form that should have been filed, according to the Administrative Appeal Office.)

We will issue an appropriate order.[7] We note that even if we are incorrect on the jurisdictional analyses, Petitioner's claims lack merit in any event.[8]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 31, 2010

---

[7] We also agree with the magistrate judge's conclusion that Petitioner is not a national of the United States since he is a citizen of Vietnam. *See Salim v. Ashcroft*, 350 F.3d 307, 310 (3d Cir. 2003).

[8] It also seems that instead of filing this lawsuit, Petitioner should have filed a motion to reopen his removal proceedings. *See Iasu v. Smith*, 511 F.3d 881, 892-93 (9th Cir. 2007).

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHUC HUU NGUYEN, :

    Petitioner

:
vs.      CIVIL NO. 1:CV-09-2211
:

UNITED STATES CITIZENSHIP & :
IMMIGRATION SERVICES and
DEPARTMENT OF HOMELAND :
SECURITY,
    Respondents :

*O R D E R*

AND NOW, this 31st day of August, 2010, upon consideration of the magistrate judge's report and recommendation (doc. 20), the objections thereto (doc. 21 and 22), and upon independent review of the record, it is ordered that:

    1. The claims for declaratory relief and under 28 U.S.C. § 2241 are dismissed for lack of jurisdiction.

    2. The claim for mandamus relief (doc. 2) is denied.

    3. Respondents' motion for leave to file a supplemental response, (doc. 18), is dismissed as moot.

    4. The Clerk of Court shall close this file.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge